J-S36015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAVID LOPER, | : | |
| Appellant. | : | No. 3529 EDA 2017 |

Appeal from the PCRA Order, October 19, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0509231-2001.

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED AUGUST 24, 2018**

David Loper appeals *pro se* from the order denying as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history are as follows:  On November 26, 2002, a jury convicted Loper of first-degree murder and possession of an instrument of crime.  That same day, the trial court imposed an aggregate term of life imprisonment.  Thereafter, Loper filed a timely appeal to this Court.  On December 8, 2003, we rejected Loper's claims and affirmed his judgment of sentence. ***Commonwealth v. Loper***, 844 A.2d 1283 (Pa. Super. 2003) (unpublished memorandum).  Loper did not file a petition for allowance of appeal.

On February 9, 2017, Loper filed a *pro se* PCRA petition, and, thereafter, a supplemental petition. The PCRA court appointed counsel for Loper on June 26, 2017. On September 6, 2017, PCRA counsel filed a motion to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Within his "no-merit" letter, PCRA counsel opined that Loper's PCRA petition was untimely, that he could not establish an exception to the PCRA's time-bar, and that his substantive claims were otherwise without merit. On September 9, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Loper's PCRA petition without a hearing because it agreed with counsel that the petition was untimely and otherwise without merit. Loper filed a response. By order entered October 19, 2017, the PCRA court dismissed the petition as untimely and otherwise without merit. This appeal follows. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Before addressing the issues Loper raises on appeal, we must first determine whether the PCRA court correctly determined that his first PCRA petition was untimely filed.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted). The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record. **Id.** We

apply a *de novo* standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Blakeney***, 108 A.3d 739, 749 (Pa. 2014).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); ***see also*** 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Here, because Loper did not seek further review after we affirmed his judgment of sentence on December 8, 2003, judgment of sentence became final thirty days thereafter, or on January 7, 2004. Thus, for purposes of the PCRA's time bar, Loper had to file his first PCRA petition by January 7, 2005. Loper filed his petition on February 9, 2017. Thus, the petition is untimely, unless Loper satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Loper has failed to prove any exception to the PCRA's time bar. As noted by the PCRA court, Loper attempts to establish a claim of newly discovered evidence and a claim of governmental interference.

When considering a PCRA's petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. **Commonwealth v. Bennett**, 930 A.2d 1264, 1270-72 (Pa. 2007). As to the "newly discovered evidence", Loper asserts that his prior mental incapacity to pursue collateral relief should excuse the untimeliness of his PCRA petition.

In **Commonwealth v. Cruz**, 852 A.2d 287, 288 (Pa. 2003), our Supreme Court addressed the issue "of whether a petitioner's alleged mental

incompetence during which the statutory period for filing a PCRA petition expired may trigger the "after-discovered evidence" exception to the PCRA time bar." Our Supreme Court answered this question in the affirmative, holding that "mental incompetence at the relevant times, if proven **may** satisfy the requirements of Section 9545(b)(1)(ii), in which case, the claims defaulted by operation of that incompetence may be entertained." **Id.** Because Cruz had been denied this opportunity, our Supreme Court remanded the case in order to provide Cruz the opportunity to prove: "(1) that he was and remained incompetent throughout the period during which his right to file a PCRA petition lapsed; and (2) that his current petition was filed within 60 days of his becoming sufficiently competent to ascertain the facts upon which his underlying claims are predicated." **Id.**

The PCRA court found Loper failed to meet his burden of establishing this exception. The court explained:

> To support his claim of mental incompetence, [Loper] alleges that he suffered a manic/bi-polar episode while in federal custody, resulting in his own suicide attempt over a year prior to trial. [He] further claims that he struggled with his treatment over the next two years, rendering him fatalistic and depressed prior to trial and throughout the appellate process. Upon regaining his health, [Loper] avers he attempted to contact his attorney to preserve his appellate rights, sometime in December 2003.
>
> [Loper] fails to allege sufficient facts to excuse the untimeliness of his PCRA by virtue of his mental capacity. According to [Loper's] own averments, he regained mental competence in December 2003, when he contacted counsel to request a copy of his brief and accuse him of ineffective assistance. [Loper] filed the instant petition over thirteen

- 5 -

years after he allegedly regained competence. [He] does not allege that he was of anything other than a sound mind from December 2003 to February 2017. [Loper's] mental health, to what limited applicability it has in the instant matter, does not supersede the PCRA's timeliness requirements.

PCRA Court Opinion, 10/19/17, at 4-5. Our review of the record supports the PCRA court's conclusion. Loper has failed to establish both that he suffered from mental incompetence during the entire year in which he was eligible to file a timely PCRA, and that he filed his petition within sixty days of regaining competency. *Cruz*, *supra*; *see also Commonwealth v. Monaco*, 996 A.2d 1076, 1080-81 (Pa. Super. 2010) (cautioning that a form of mental illness or incompetence may only excuse an untimely PCRA petition under limited circumstances; "the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements).

The PCRA court further noted that, in response to its Rule 907 notice, Loper raised "an unsupported claim that the statutory period to seek post-conviction relief expired on September 29, 2016 and that he filed his initial PCRA pleading before that date. It is unclear how [Loper] calculated September 29, 2016 as the expiration date, and fails to support his claim beyond his bald assertion." PCRA Court Opinion, 10/19/17, at 6.

In his initial *pro se* PCRA petition, Loper attached two affidavits, one from his ex-girlfriend, executed on December 22, 2016, and one from his

mother that she executed on September 15, 2016.[2]  In his Rule 907 response,

Loper averred that he filed his initial PCRA petition within sixty days of their

receipt.  Even if these affidavits qualified as "newly-discovered evidence," our

review of the record supports the PCRA court's conclusion that "[n]othing in

the record indicates that [Loper] filed a PCRA petition before September 29,

2016."   PCRA Court Opinion, 10/19/17, at 6.[3]   Thus, Loper's alternative

argument affords him no relief.

The PCRA court also rejected Loper's claim that "the federal government

interfered with his ability to file the instant PCRA petition by restricting his

access to Pennsylvania legal materials."  PCRA Court Opinion, 10/19/17, at 5.

The court explained:

> Although [Loper] has arguably made a *prima facie*
> showing of lack of access with respect to Pennsylvania
> materials, he is not entitled to relief under the governmental
> interference prong.   [Loper] was incarcerated in federal
> prison for the time of his conviction until September 2015.
> Assuming that each of [his] averments are true, and that he
> was denied access to Pennsylvania legal materials for the

---

[2] Loper further claims that he attached a cash-slip for legal mail from the prison dated September 29, 2016.  Our review of the record reveals no such attachment to Loper's initial or supplemental *pro se* PCRA petition.

[3] Moreover, we agree with the Commonwealth that Loper's reliance on **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017) to excuse his lack of due diligence in obtaining these affidavits is inapposite.  **Burton** held that presumption regarding matters of public record does not apply to incarcerated *pro se* petitioners.  **Id.**  As noted by the Commonwealth, the affidavits relied upon by Loper are not matters of public record.  **See** Commonwealth's Brief at 10-12.

> entirety of his federal incarceration, Pennsylvania legal materials were made available to him upon his transfer to state custody, and [Loper] indeed accessed those materials. Nevertheless, as PCRA counsel [concluded in his *Turner*/*Finley* no merit letter], [Loper] waited approximately one year and five months from the time of his release into state custody before filing the instant petition. Governmental interference cannot be used to explain that delay.

PCRA Court Opinion, 10/19/17, at 6. Once again, our review of the record supports the PCRA court's conclusion that Loper is unable to establish the government interference exception to the PCRA's time bar.

In sum, because Loper has not established an exception to the PCRA's time bar, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of the petition.[4] We therefore affirm its order denying post-conviction relief.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2018

---

[4] Although the PCRA court also addressed the merits of Loper's substantive claims, it had no jurisdiction to do so.